IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Michelle Kay Myers,

     Plaintiff,

v.                                                Case No. 04-4137-JAR

Dolgencorp, Inc.,

     Defendants.

**ORDER GRANTING PLAINTIFF'S SECOND
MOTION TO AMEND THE COMPLAINT**

     This matter comes before the court upon motion by Plaintiff, Michelle Kay Myers, requesting leave to file a second amended complaint. (Doc. 42). Plaintiff seeks to add a claim that Defendant wrongfully interfered with Plaintiff's efforts to take leave under the Family and Medical Leave Act ("FMLA").[1] Defendant, Dolgencorp, Inc. ("Dolgencorp"), asserts that Plaintiff's Motion should be denied because Plaintiff has not presented a justifiable basis for waiting to amend at this stage of the litigation, as all such information would have been available to the Plaintiff at the time of the original complaint.[2] Defendant also argues that Plaintiff's proposed amendment is futile because the facts alleged in the proposed second amended complaint do not support a claim for interference.[3] Furthermore, Defendant asserts that it will

---

[1] Second Motion by Plaintiff to Amend her Complaint ("Motion") (Doc. 42), p. 1.

[2] Defendant's Memorandum in Opposition to Plaintiff's Motion to File Second Amended Complaint ("Response") (Doc. 47), p. 1.

[3] *See Id.*, p. 2-4.

suffer prejudice from the amendment because the deadline for discovery has passed and it has not had an opportunity to perform appropriate discovery on issues related to this new claim.[4]

**Discussion**

Fed. R. Civ. P. 15 governs the amendment of pleadings in civil litigation. Fed. R. Civ. P 15(a) provides that:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served .... Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.[5]

Plaintiff's application to amend is not permitted as a matter of course since it was not filed until after Defendant served its responsive pleading. Thus, the application to amend may only be granted by leave of court or by written consent by the Defendant. Because Defendant opposes this amendment, the application to amend may only be granted by leave of court.

"[T]he granting of a motion to amend is within the discretion of the court,"[6] and leave shall be "freely given when justice so requires."[7] However, where the plaintiff seeks leave to amend after the deadline established in the scheduling order, the plaintiff must justify her failure to meet the schedule established pursuant to Fed. R. Civ. P. 16 in addition to satisfying the requirements for amendment pursuant

---

[4] *Id.*, p. 4.

[5] Fed. R. Civ. P 15(a).

[6] *Schmitt v. Beverly Health & Rehab. Servs., Inc.*, 993 F. Supp. 1354, 1365 (D.Kan. 1998).

[7] Fed. R. Civ. P. 15(a).

to Fed. R. Civ. P. 15(a).[8]  Fed. R. Civ. P. 16(b) provides that a "schedule shall not be modified except upon a showing of good cause and by leave of ... a magistrate judge."[9]  "'The 'good cause' standard primarily considers the diligence of the party seeking the amendment.'"[10]  "The party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines."[11]  Plaintiff may meet this burden by showing "good faith on its part and some reasonable basis for not meeting the deadline."[12]  Plaintiff's Motion was filed on May 25, 2005, almost three months after the March 1, 2005 deadline set forth in the Scheduling Order (Doc. 15).  Therefore, Plaintiff must first meet the standard set forth in Fed. R. Civ. P. 16(b).   In this case, most of the facts alleged in support of Plaintiff's FMLA interference claim seem to have been within the Plaintiff's knowledge prior to filing the original complaint.  Plaintiff's motion did not adequately show facts demonstrating a reasonable basis for waiting until after the deadline for amending the pleadings to propose the instant amendment.  However, during the Final Pretrial Conference, held July 6, 2005, Plaintiff was asked to explain why she was unable to file the instant motion prior to the deadline for the amendment of pleadings.  Plaintiff's counsel  explained that the factual information in support of Plaintiff's proposed FMLA interference claim arose out of certain disclosures and documents produced by Defendant which led to revelations by Plaintiff's counsel that Plaintiff may also

---

[8] Deghand v. Wal-Mart Stores, Inc., 904 F. Supp. 1218, 1221 (D. Kan. 1995).

[9] Fed. R. Civ. P. 16(b).

[10] Deghand v. Wal-Mart Stores, Inc., 904 F. Supp. 1218, 1221 (D. Kan. 1995) (quoting *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995)).

[11] *Id.*

[12] *Id.*

have such a claim.  Therefore, Plaintiff has shown a reasonable basis for not meeting the deadline set forth in the Scheduling Order.

Turning to analysis of the amendment under Fed. R. Civ. P. 15, "[t]he decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion ...."[13] "In determining whether to grant leave to amend, the court may consider such factors as undue delay, the moving party's bad faith or dilatory motive, the prejudice an amendment may cause the opposing party, and the futility of amendment."[14] "Untimeliness in itself can be a sufficient reason to deny leave to amend, particularly when the movant provides no adequate explanation for the delay."[15] "'Where the party seeking the amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial.'"[16] Although, it seemed that the information supporting the proposed amendment was within the Plaintiff's knowledge at the commencement of this action, the explanation provided by Plaintiff's counsel during the Final Pretrial Conference is sufficient to cause the court to find that Plaintiff's motion was not untimely.

Even if the court had found the Plaintiff's motion to be untimely, the "court prefers ... to address the merits of the motion rather than the procedural issue of timeliness."[17] "This requires the court to

---

[13] *Woolsey v. Marion Laboratories*, 934 F.2d 1452 , 1462 (10th Cir. 1991).

[14] *Schmitt v. Beverly Health & Rehab. Servs., Inc.*, 993 F. Supp. 1354, 1365 (D.Kan. 1998).

[15] *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1495 (10th Cir. 1995).

[16] *Id.* (quoting *Pallottino v. City of Rio Rancho*, 31 F. 3d 1023, 1027 (10th Cir. 1994).

[17] *Lone Star Steakhouse & Saloon, Inc. v. Liberty Mut. Ins. Group*, No. 02-1185-WEB, 2003 U.S. Dist. LEXIS 12165, at *8 (D. Kan. March 13, 2003).

4

consider the issue of whether the proposed claim ... would be futile."[18]  "A proposed claim is futile if it

would be subject to a motion to dismiss."[19]  A claim is not futile unless, beyond a doubt, plaintiff can prove

no set of facts to support her claim.[20]  In order for Plaintiff to establish her FMLA interference claim, she

must first establish a prima facie case of FMLA interference.[21]   "[A] prima facie case under

interference/entitlement theory requires a showing of FMLA leave entitlement, a denial of substantive rights

under the FMLA, and a causal connection between the two."[22]  Plaintiff seeks to establish the causal

connection by establishing a discriminatory motive.  "Evidence of discriminatory motives must ... have some

relationship with the employment decision in question; inappropriate but isolated comments that amount to

no more than 'stray remarks' in the workplace will not do."[23]  The facts in support of Plaintiff's proposed

amendment may only amount to "stray remarks," allegedly made a year after Plaintiff's termination, thus,

such a claim may, although not beyond a doubt, be subject to a motion to dismiss.  Although, it  may be

possible to deny Plaintiff's Motion based on futility, the court will analyze the question of prejudice to the

Defendant, if any.

   "Prejudice under Rule 15 'means undue difficulty in prosecuting [or defending] a lawsuit as a result

---

[18] *Id.*, at *8-9.

[19] *Id.*, at *9.

[20] *See Potts v. Boeing Co.*, 162 F.R.D. 651, 653 (D. Kan. 1995).

[21] *See Dry v. Boeing Co.*, No. 01-3294, 2004 U.S. App. LEXIS 2953, at *10 (10th Cir. Apr. 19, 2004).

[22] *Id.*

[23] *Venters v. City of Delphi*, 123 F.3d 956, 973 (7th Cir. 1997).

of a change of tactics or theories on the part of the other party.'"[24]  Defendant argues that it will be prejudiced by Plaintiff's proposed amendment, because it would have to re-depose the Plaintiff, resulting in additional discovery costs.  However, this is not sufficient for a showing of prejudice required by Fed. R. Civ. P. 15.[25]  Furthermore, during the Final Pretrial Conference, the Defendant was questioned regarding the prejudice or harm it would suffer if the proposed amendment were allowed.  In response to the court's questions, Defendant's counsel acknowledged that much of the possible prejudice to Defendant would be alleviated by requiring that the second deposition of Plaintiff take place at the office of the Defendant's counsel.  Therefore, based on Plaintiff's showing of good cause for its delay in filing the instant motion and the ability of the court to alleviate any resulting prejudice to Defendant, Plaintiff's Motion for Leave to File a Second Amended Complaint (Doc. 42) shall be granted.  This order is subject to the condition that Plaintiff's second deposition be held at the office of Defendant at a time mutually agreed to by the parties during the extension of discovery to be set forth in the Pretrial Order.  Furthermore, Plaintiff's deposition shall be limited in scope to issues arising from Plaintiff's Second Amended Complaint.  Plaintiff will be directed to file and serve her Second Amended Complaint within five days of the entry of this order; however, the additional allegations contained in Plaintiff's Second Amended Complaint will also be reflected in the Pretrial Order the court will enter in this case.

**IT IS THEREFORE ORDERED:**

1) That Plaintiff's Motion for Leave to File a Second Amended Complaint (Doc. 42) is granted.

---

[24] *Lange v. Cigna Individual Fin. Servs. Co.*, 759 F. Supp. 764, 770 (D.Kan. 1991).

[25] *See Compu-Blend Corp. v. Phillips 66 Co.*, No. 87-2215-0, 1988 U.S. Dist. LEXIS 11318, at *4 (D. Kan. Sept. 12, 1988).

Plaintiff's counsel is directed to file and serve Plaintiff's Second Amended Complaint within five days of the entry of this order, on or before **July 12, 2005**.

2) That Plaintiff shall make herself  available for a further deposition limited to those issues arising out of Plaintiff's Second Amended Complaint, which is to be held at the office of Defendant's counsel at a time mutually agreeable to the parties within the time period established for additional discovery by the Pretrial Order.

**IT IS SO ORDERED.**

Dated this 7th day of July, 2005, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

7