IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHELLE KAY MYERS,

                Plaintiff,

v.                                                Case No. 04-4137-JAR

DOLGENCORP, INC. A Wholly-Owned
Subsidiary of DOLLAR GENERAL
CORPORATION,

                Defendant.

## MEMORANDUM AND ORDER

       This matter comes before the court upon plaintiff Michelle Kay Myers's Motion to Compel Discovery, filed on June 21, 2005 (Doc. 52). Plaintiff seeks discovery regarding Joanne Chalfant White's involvement with plaintiff's FMLA claim and eventual separation as well as the circumstances surrounding Ms. White's separation.[1] Plaintiff argues that the information sought is relevant because Ms. White was store manager and immediate supervisor of plaintiff at the time defendant Dolgencorp denied plaintiff FMLA leave; thus, Ms. White's credibility will be at issue in this case.[2] Plaintiff requests that defendant answer "fully and completely under oath" plaintiff's Interrogatory Nos. 1, 2, 3, 4, and 5 from plaintiff's Second Interrogatories (Doc. 52, Ex. 1). Plaintiff also requests that defendant respond fully and completely to plaintiff's Request for Production Nos. 1, 2, 3, and 4 from plaintiff's Second Request for Production (Doc. 52, Ex. 2). Defendant objects to producing additional information regarding Ms. White's employment and the circumstances surrounding her separation. Defendant argues that Ms. White did not

---

[1] Doc. 52 at 1.

[2] *Id*. at 1.

make decisions regarding plaintiff's FMLA claim or the termination of plaintiff's employment; thus, information regarding Ms. White is not relevant to the case at hand.  The court has reviewed the parties' arguments and is now prepared to rule.

The court must first determine whether plaintiff has made a reasonable effort to consult with defendant's counsel pursuant to D. Kan. Local Rule 37.2 prior to filing the motion to compel.  Rule 37.2 defines a reasonable effort to confer as "more than mailing or faxing a letter to the opposing party.  It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in a good faith attempt to do so."  The court finds that plaintiff's counsel has made a good faith effort to resolve the discovery disputes including trying to resolve the issues through correspondence by letter as well as through a forty-minute telephone conversation in which these matters were discussed on or about June 2, 2005.  The court must now turn to the merits of the plaintiff's motion to compel.

Fed. R. Civ. P. Rule 26(b) controls the scope and limitations of discovery in this case.  Rule 26(b)(1) states, in pertinent part, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  The Supreme Court has interpreted the relevancy of information sought broadly to "encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case."[3]  The Supreme Court has also found that discovery does not have to be limited to the pleadings,

---

[3]  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  *See Oglesby v. Hy-Vee, Inc.*, 2005 U.S. Dist. LEXIS 6456, * 4 (D. Kan. April 13, 2005); *Multimedia Cablevision, Inc. v. California Sec. Co-op, Inc.*, 1995 U.S. Dist. LEXIS 4490, * 1 (D. Kan. April 5, 1995) ("Discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought

2

"for discovery itself is designed to help define and clarify the issues."[4]  Although "the scope of discovery is broad,"[5] there are still boundaries for discovery and information sought must still, according to Rule 26(b)(1), be "reasonably calculated to lead to the discovery of admissible evidence."  If the discovery a party requests appears to be relevant, the burden is on the nonmoving party to show that the discovery requested is not relevant by exhibiting how the requested discovery "(1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure."[6]  This court must determine whether discovery regarding Ms. White is relevant under Rule 26(b)(1).

Plaintiff argues that information regarding Ms. White's termination is relevant to plaintiff's case because as the manager of the store where plaintiff worked, Ms. White "was the linchpin in the employment relation plaintiff had with defendant."[7]  Plaintiff cites a section from the 2001 Dollar General Handbook as evidence that Ms. White may have played a role in decisions regarding plaintiff's request for FMLA leave and subsequent termination.  The section from the handbook states, "[s]upervisors should immediately contact Human Resources to initiate an FMLA leave request.  An employee on FMLA leave is required

_____

can have no possible bearing upon the subject matter of this action.").

[4]  *Oppenheimer Fund,* Inc., 437 U.S. at 351.

[5]  *Multimedia Cablevision, Inc. v. California Sec. Co-op, Inc.*, 1995 U.S. Dist. LEXIS 4490, * 1 (D. Kan. April 5, 1995).

[6]  *Oglesby v. Hy-Vee, Inc*., 2005 U.S. Dist. LEXIS 6456, * 4 (D. Kan. April 13, 2005).

[7]  Doc. 52 at 3.

to report periodically on his or her status and intent to return to work."[8]  Plaintiff also alleges that Ms. White "failed and refused to return numerous phone calls placed by plaintiff to her regarding her desire to return to work . . . ."[9]  Plaintiff argues that Ms. White's credibility is an issue, and if Ms. White was terminated for stealing or other acts of dishonesty, information concerning Ms. White's termination will impact Ms. White's credibility.[10]

Defendant contends that Ms. White "made no decisions as to whether plaintiff was entitled to FMLA leave or whether plaintiff would be separated from her employment."[11]  Defendant cites as evidence the affidavit of Ivan Reeves which states, in pertinent part, "[t]he company's Leave Department would determine if a person is entitled to FMLA leave.  The decision to terminate an employee based on his or her failure to return to work after leave or after a request for leave would not be made by the store manager."[12]  Defendant argues that because Ms. White was not involved in communications between plaintiff and defendant regarding FMLA issues or decisions regarding plaintiffs FMLA claim or termination, plaintiff is not entitled to information regarding Ms. White's personnel or termination information.  Defendant also argues that the risk of revealing Ms. White's personnel information in the small community in which she lives provides further reason for the court to not permit discovery regarding Ms. White's

---

[8]  Doc. 55 at 1.

[9]  Doc. 52 at 1.

[10]  *Id*. at 4.

[11]  Doc. 53 at 1.

[12]  Doc. 53, Ex. 1 at 2.

4

termination.[13]

The court finds that discovery regarding Ms. White's possible involvement in plaintiff's FMLA claim and plaintiff's termination as well as the circumstances surrounding Ms. White's termination appear to be relevant for the purposes of discovery in this case. If Ms. White did have a role in plaintiff's FMLA claim and termination, even if it was not a decision making role, then Ms. White's credibility as plaintiff's store manager would be relevant to plaintiff's case. If Ms. White was fired for dishonesty or theft, plaintiff's contention that Ms. White failed to return plaintiff's phone calls might be bolstered. Furthermore, discovery regarding Ms. White's termination might lead to discovery of other admissible evidence regarding plaintiff's claim.

Since the court finds that plaintiff's requests for information regarding Ms. White's termination appear relevant for the purposes of discovery in this case, defendant has the burden of showing that either the discovery plaintiff requests is not within the scope of relevance as defined under Fed. R. Civ. Pro. Rule 26(b)(1) or that the potential harm caused by the discovery outweighs the minimal relevance the discovery would have in this case.[14] Defendant has not met this burden. Additionally, defendant has not adequately shown how the discovery is not relevant to this case. Although defendant cites a concern for potential harm to Ms. White as a result of the release of Ms. White's personnel information, defendant has not cited a particular reason for that concern.[15] Furthermore, the protective order issued by the court will cover Ms.

---

[13]  Doc. 53 at 2-3.

[14]  *See Oglesby v. Hy-Vee*, *Inc*., 2005 U.S. Dist. LEXIS 6456, * 4 (D. Kan. April 13, 2005).

[15]  *See* Doc. 53 at 2 ("Simply put, plaintiff's request seek information that is not relevant and which would potentially harm the individual in a small community, thereby outweighing any potential or arguable relevance.").

White's personnel information, thus shielding Ms. White from embarrassment in her community.[16]  Having found that discovery regarding Ms. White's termination and her role as the immediate supervisor of plaintiff is relevant for the purposes of discovery in this case, the court must now evaluate the discovery that plaintiff requests the court to compel defendant to produce.

## I.    Interrogatories

Plaintiff's Interrogatory Nos. 1, 2, 3, 4, and 5 all seek to discover information regarding the circumstances surrounding Ms. White's termination of employment with defendant, an area of discovery which the court has determined is relevant for the purposes of discovery in this case. Defendant has objected to plaintiff's use of the word "statement" in her interrogatories on the basis that "the phrase 'statement' is vague and ambiguous in that it is subject to various interpretations."[17]  A "party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity."[18]  Additionally, "[a] party responding to discovery requests 'should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories.'"[19]  "If necessary to clarify its answers, the responding party may include any reasonable definition of the term

---

[16]  *See* Doc. 21 at 2-5.

[17]  Doc. 52 at 3-7; Doc. 53 at 4.

[18]  *W. Res., Inc. v. Union Pac. R.R. Co.*, 2002 U.S. Dist LEXIS 1004 (D. Kan. Jan. 21, 2002) (citing *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 694 (D. Kan. Apr. 18, 2000)).

[19]  *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 694 (D. Kan. 2000) (citing *Pulsecard, Inc. v. Discover Card Services, Inc.*, 168 F.R.D. 295, 310 (D. Kan. 1996)).

or phrase at issue."[20]

The court finds that defendant has not met its burden of showing how the term "statement" is too vague or ambiguous. The court orders the defendant to fully answer plaintiff's Interrogatory Nos. 1, 2, 3, 4, and 5 and in doing so provide the plaintiff with a description of the factual and substantive content of any oral or written statements requested, including statements defendant has obtained from Wayne Scrivner, Jeri Wilson, Sharon Cockrill, Ivan Reeves, and Joan Chalfant White concerning the termination of Ms. White from Dolgencorp. The court finds that defendant's definition of statement as a writing which is signed and notarized is overly restrictive. Consequently, the court finds that defendant should produce any oral or written representations attributed to these above-identified individuals which have been requested by plaintiff or identified by defendant for which work-product or attorney-client privilege has not been properly asserted.

The court further notes that confidentiality "does not equate to privilege"[21] and that defendant, if claiming privilege, has the burden to prove that the privilege applies by "'describ[ing] in detail' the documents or information sought to be protected and provid[ing] 'precise reasons' for the objection to the discovery.'"[22] In the event that defendant's counsel withholds information based on privilege, defendant's counsel must prepare a privilege log which describes what defendant's counsel is

---

[20] *W. Res., Inc. v. Union Pac. R.R. Co.*, 2002 U.S. Dist LEXIS 1004 (D. Kan. Jan. 21, 2002) (citing *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 694 (D. Kan. Apr. 18, 2000)).

[21] *Williams v. Board of County Comm'rs*, 2000 U.S. Dist. LEXIS 8985, at * 16 (D. Kan. June 21, 2000).

[22] *Cromwell v. Sprint Communs. Co. L.P.*, 2000 U.S. Dist. LEXIS 7879, at * 12 (D. Kan. May 26, 2000) (quoting *National Union Fire Ins. Co., P.A. v. Midland Bancor,* 159 F.R.D. 562, 567 (D. Kan 1994). *See* Fed. R. Civ. Pro. Rule 26(b)(5).

withholding and what privilege defendant's counsel is asserting.   The privilege log that defendant's

counsel has provided plaintiff needs to be updated in light of this order.   Defendant has not

demonstrated how the answers to the interrogatories would be subject to privilege, and if it objects

based on privilege, defendant must follow the procedure outlined above.   Finally, the court notes that

the information provided to the plaintiff will be under the protective order issued by the court, and, thus,

its use will be limited to the proceedings in this case.   Therefore, defendant should answer, to the best

of its ability, plaintiff's Interrogatory Nos. 1, 2, 3, 4, and 5.

## II.    Requests for Production

Request No. 1

     Plaintiff's Request No. 1 asks defendant to produce "[a]ll records pertaining to the termination

of the employment" of Joanne White.[23]   Defendant objects to this request arguing that information

regarding Ms. White's termination is not relevant to this case.[24]   The court has already found

information regarding Ms. White's termination to be relevant for the purposes of discovery in this case.

As such, defendant shall be compelled to provide a full and complete response to plaintiff's Request for

Production No. 1.

Request No. 2

     Plaintiff's Request No. 2 asks defendant to produce "[a]ll statements executed by any

employee or agent of defendant regarding the termination of the employment" of Joanne White.[25]

---

[23]  Doc. 52, Ex. 4 at 2.

[24]  *Id*. at 2-3.

[25]  *Id*. at 3.

Defendant objects to the request because the term "statement" is vague and ambiguous and could potentially "seek information protected by the attorney-client and/or work privilege" and the information sought is not relevant to plaintiff's case.[26]  The court has already found information regarding Ms. White's termination to be relevant for the purposes of discovery in this case.  Also, the court noted above that the term "statement" should be understood by the parties as oral or written representations obtained by defendant whether or not protected by work-product or attorney-client privilege.  Again, the court reminds defendant's counsel of her burden to prove that there is a privilege which would prevent her from producing the requested discovery and that confidential information would be protected by the court's protective order.  Therefore, defendant shall be compelled to provide a full and complete response to plaintiff's Request for Production No. 2.

Request No. 3

Plaintiff's Request No. 3 asks defendant to produce "[a]ll reports or other documents prepared by any employee or agent of defendant concerning any claim" brought by Ms. White seeking "unemployment benefits following her termination of employment."[27]  Defendant objects on the grounds that the information requested is not relevant to plaintiff's case and that the production of the evidence "could potentially seek information protected by the attorney-client and/or work product privilege."[28]  The court has already found information regarding Ms. White's termination to be relevant for the purposes of discovery in this case.  To assert attorney-client or work-product privilege, defendant must

---

[26]  Doc. 52, Ex. 4 at 3.

[27]  *Id*.

[28]  *Id*.

follow the procedure outlined above.  Therefore, defendant shall be compelled to provide plaintiff all

reports or documents regarding any claim by Ms. White for unemployment benefits following her

termination of employment that contain information regarding the reasons, according to the defendant or

Ms. White, for Ms. White's termination.

Request No. 4

Plaintiff's Request No. 4 asks defendant to produce "[a]ll reports or other documents by any

person who reviewed or investigated the facts surrounding termination of the employment of [Ms.

White] on behalf of defendant or defendant's insurance company."[29]  Defendant objects to this request

arguing that the information sought is not relevant to the case at hand and that the information sought

might be protected by attorney-client and or work product privilege. The court has already found

information regarding Ms. White's termination to be relevant for the purposes of discovery in this case.

Claims of attorney-client or work-product privilege must follow the procedure outlined above for

asserting such a privilege.  Therefore, defendant shall be compelled to provide plaintiff all the reports

and documents requested in plaintiff's Request No. 3 which contain information regarding the reasons,

according to the defendant or Ms. White, for Ms. White's termination.

**III.      2001 and 2004 Retail Employee Handbooks**

Plaintiff requests that defendant provide copies of the 2001 and 2004 Retail Employee

Handbooks.[30]  It is the court's understanding that defendant had previously provided plaintiff with

photocopies of the handbooks at issue, and that, at the July 6, 2005-Final Pretrial Conference,

---

[29]  Doc. 52, Ex. 4 at 4.

[30]  Doc. 52 at 7.

defendant provided plaintiff's counsel with copies of the 2001 and 2004 Employee Handbooks, which

he could retain for an adequate amount of time to verify the accuracy of the previously-produced

photocopies.  Plaintiff is entitled to receive at her expense copies of these handbooks and may

subpoena such documents, if appropriate, for presentation at the trial of this case.  Because it is the

court's understanding that such copies were provided to plaintiff at the Final Pretrial Conference, the

court will not order further production at this time.

## IV.    Unredacted Software Frames

Plaintiff has also requested that document DGMyers000411, and other software frames, be

produce in unredacted form.[31]  Defendant objects to providing the information requested in unredacted

form arguing that what was blocked was simply Ms. White's social security number.  Defendant further

argues that Ms. White's social security number is confidential and cites defendant's inclusion of

confidential information in its motion to compel as reason for defendant to not release the confidential

information.[32]

Although the court has found that information regarding Ms. White's termination is relevant to

the case at hand, the court does not find that discovery of Ms. White's social security number is

relevant because it is not "reasonably calculated to lead to the discovery of admissible evidence."[33]

"[W]hen relevancy is not readily apparent, the party seeking the discovery has the burden to show the

---

[31]  Doc. 52 at 7.

[32]  Doc. 53 at 5.

[33]  *Mike v. Dymon*, 1996 U.S. Dist. LEXIS 17329, * 21 (D. Kan. Nov. 14, 1996).

relevancy of the request."[34]  Plaintiff has not provided any reason that Ms. White's social security

number, a highly sensitive and private piece of information, should be considered relevant.[35]  While the

court notes that the point of the protective order entered in this case is to protect the disclosure of

confidential information, given the sensitive nature of Ms. White's social security number and plaintiff's

failure to demonstrate why it is relevant discovery in this case, the court will not order defendant to

produce document DGMyers000411 or other software frames in unredacted form insofar as the only

information redacted relates to Ms. White's social security number.  In the event any other information

was initially redacted, defendant shall provide plaintiff with additional copies of document

DGMyers00411 and other software frames containing the other, previously-redacted, information.

     Defendant's concern regarding plaintiff's alleged past violation of the protective order is not

properly before the court at this time.  If defendant's counsel is concerned with plaintiff's failure to

adhere to the requirements of the protective order, there are adequate measures defendant may pursue

to enforce the protective order.

---

[34] *Gen. Elec. Capital Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2004) (citing *Steil v. Humana Kansas City, Inc.*, 197 F.R.D. 442, 445 (D. Kan. 2000)).

[35] *Mike v. Dymon*, 1996 U.S. Dist. LEXIS 17329, * 22 (D. Kan. Nov. 14, 1996).  *See also Beasley v. First Am. Real Estate Info. Servs.*, 2005 WL 1017818, *2 (April 27, 2005 N.D. Tex) ("The court agrees that the social security numbers of employees are confidential and not reasonably calculated to lead to the discovery of admissible evidence."); *Tomanovich v. Glen*, 2002 WL 1858795, * (Aug. 13, 2002 S.D. Ind.) ("'Defendant's privacy concerns in its employment records are well-founded' since personnel files contain highly sensitive information.  For instance, the discovery of social security numbers reflected in these documents serves no purpose in a disparate case such as this and may be redacted or otherwise protected by way of a protective order.") (citing *Chavez v. DaimlerChrysler Corp.*, 206 F.R.D. 615, 622 (S.D.Ind 2002).

**V.      Conclusion**

Based upon the foregoing, the court concludes that plaintiff's motion to compel is granted in part and denied in part.  Additionally, plaintiff requests sanctions under Fed. R. Civ. Pro. Rule 37(a)(4).  Pursuant to Fed. R. Civ. Pro. Rule 37(a)(4)(c), if a court grants in part and denies in part a motion to compel, the court "may, after affording an opportunity to be heard, apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner."  The court finds that an award of attorney's fees is not appropriate in this instance.

**IT IS THEREFORE ORDERED**:

1.      That plaintiff's motion to compel (Doc. 52) is granted in part and denied in part;

2.      That defendant shall, by **August 8, 2005**, fully answer plaintiff's Interrogatory Nos. 1, 2, 3, 4, and 5 (Doc. 52, Ex. 1).  Any failure to disclose based on privilege must follow the procedure outlined in this order for asserting privilege;

3.      That defendant shall, by **August 8, 2005**, provide full and complete responses to plaintiff's Request for Production No. 1 and No. 2 from plaintiff's Second Request for Production (Doc. 52, Ex. 2).  Any failure to disclose based on privilege must follow the procedure outlined in this order for asserting privilege;

4.      That defendant shall, by **August 8, 2005**, provide plaintiff all the reports and documents requested in plaintiff's Request for Production Nos. 3 and  4 from plaintiff's Second Request for Production (Doc. 52, Ex. 2) which contain information regarding the reasons for Ms. White's termination.  Any failure to disclose based on privilege must follow the procedure outlined in this order for asserting privilege;

5.      That plaintiff's request for an unredacted copy of document DGMyers000411 and all other software frames is denied insofar as the only information redacted relates to Ms. White's social security number.  In the event any other information was initially redacted, defendant shall provide plaintiff with additional copies of document DGMyers00411 and other software frames containing the other, previously-redacted, information; and

6.      That plaintiff's request for attorney's fees for filing the instant motion to compel is denied.

**IT IS SO ORDERED**

Dated this 28th day of July, 2005, at Topeka, Kansas.

s/K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge