IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHELLE KAY MYERS,

        Plaintiff,

v.                                                   Case No. 04-4137-JAR

DOLGENCORP, INC.,

        Defendant.

## MEMORANDUM AND ORDER

This matter comes before the court upon defendant's Motion to Quash Notice of Intent to Video Tape Deposition and to Compel Production of Prior Tapes (Doc. 64). Defendant seeks to have the court prevent plaintiff's counsel from personally videotaping the continuation of plaintiff's deposition and require plaintiff to produce to defendant the videotapes of plaintiff's first deposition and the deposition of Dr. Seibert, which were recorded by plaintiff's counsel, allegedly over the objection of defendant's counsel.

Plaintiff has filed a response in opposition to defendant's motion (Doc. 67), wherein she asserts the right to have the continuation of her deposition videotaped by her counsel and the right to withhold the prior videotapes from production as privileged attorney work product. Plaintiff further asserts that defendant's counsel did not object to the videotaping of the prior depositions until after such taping had been in progress for some time.

Defendant has filed a reply (Doc. 71), in which it asserts that defense counsel did object to the videotaping, but implicitly admits that the taping was in progress at the time the objection was made. Defendant further asserts that whether or not there was an objection to the taping is irrelevant with regard

to whether defendant is entitled to copies of the videotapes.

Fed. R. Civ. P. 30(b)(4) addresses the requirements when a deposition is recorded by other than stenographic means and provides:

> Unless otherwise agreed by the parties, a deposition shall be conducted before an officer appointed or designated under [Fed. R. Civ. P.] 28 and shall begin with a statement on the record by the officer that includes (A) the officer's name and business address; (B) the date, time, and place of the deposition; (C) the name of the deponent; (D) the administration of the oath or affirmation to the deponent; and (E) an identification of all persons present. If the deposition is recorded other than stenographically, the officer shall repeat items (A) through (C) at the beginning of each unit of recorded tape or other recording medium. The appearance or demeanor of deponents or attorneys shall not be distorted through camera or sound-recording techniques. At the end of the deposition, the officer shall state on the record that the deposition is complete and shall set forth any stipulations made by counsel concerning the custody of the transcript or recording and the exhibits, or concerning other pertinent matters.

In this instance, it is not disputed that the depositions at issue are being taken by defendant and recorded by stenographic means, before an officer within the meaning of Fed. R. Civ. P. 28. Therefore, the issue is simply whether the *additional* recording of the deposition on videotape, by the party who is not taking the deposition, is permissible.

Defendant cites Fed. R. Civ. P. 28 for the proposition that "[n]o deposition shall be taken before a person who is a relative or employee or attorney or counsel of any of the parties, or is a relative or employee of such attorney or counsel, or is financially interested in the action." However, these depositions are not being *taken* before plaintiff's counsel as a result of his informal videotaping; but rather, are being taken before the stenographer as an "officer authorized to administer oaths by the laws of the United States or of the place where the examination is held, or before a person appointed by the court in which the action

is pending."[1]

Moreover, federal courts have found it permissible under Rules 28 and 30 for the official record of the deposition to be made on videotape by the counsel for the party taking the deposition, provided there is no "substantive deficiency in the recording of the deposition or any misconduct or improper technique utilized by counsel."[2]  This is justified in part because a properly operated and functioning video recorder will yield a verbatim recording of the events that transpire at the deposition regardless of who is operating the equipment.[3] Certainly, if it is permissible, under certain circumstances, for counsel for the party taking the deposition to operate a video recorder to make the official record of a deposition, then the court cannot find any impropriety in counsel defending the deposition keeping an additional, informal, video record in this instance.

However, defendant has not been provided with copies of the videotapes of the depositions in question, and as such, has not had an opportunity to inspect the recordings to determine if any objection needs to be made that they are misleading as result of any substantive deficiency of the recording equipment or misconduct or improper technique by plaintiff's counsel.  Plaintiff's counsel has resisted providing a copy of the videotapes to defendant on the grounds that they are privileged work-product and not properly discoverable under Fed. R. Civ. P. 26(b)(3).

"In order to qualify as work product under Fed. R. Civ. P. 26(b)(3) the material must be *all* of the following: 1. Documents and tangible things; 2. Prepared in anticipation of litigation or for trial; 3.

---

[1] Fed. R. Civ. P. 28(a).

[2] *Ott v. Stipe Law Firm*, 169 F.R.D. 380, 381 (E.D. Okla. 1996).

[3] *See Id.*

3

Prepared by or for another party or by or for that other party's representative."[4]  In circumstances where the work product doctrine applies, it does not "protect from disclosure 'facts that the adverse party's lawyer has learned or the persons from whom he has learned such facts, or the existence or nonexistence of documents, even though the documents themselves may not be subject to discovery.'"[5]

In this instance, the video recordings at issue are of depositions taken during discovery in this case. There has been no representation that the recordings contain information other than the raw footage of the depositions, or that they have been edited or annotated in any manner that would cause them to reveal any more information about plaintiff's counsel's thoughts or impressions than could have been observed at the time of the depositions.  Provided the recordings are simply the raw footage of the depositions, they cannot possibly reveal facts about the case, or anything about the mental impressions or strategies of plaintiff's counsel, that defendant's counsel did not already have an opportunity to see during the depositions themselves.

As such, the court cannot discern any adequate basis to consider these video recordings to be privileged work product that should be protected from disclosure.  While they are tangible items and may have been prepared in anticipation of trial, they can hardly be said to have been prepared solely by or for a party in the sense that defendant's counsel participated in the depositions and is presumably depicted, or at least heard, in the recordings.  Moreover, the court finds that defendant's counsel must be permitted an opportunity to review the recordings, if she so desires, in order to allow defendant to evaluate whether

---

[4] *Bohannon v. Honda Motor Co., Ltd.*, 127 F.R.D. 536, 538-39 (D. Kan. 1989).

[5] *Hoffman v. United Telecomms., Inc.*, 117 F.R.D. 436, 439 (D. Kan. 1987) (quoting *Casson Constr. Co., Inc. v. Armco Steel Corp.*, 91 F.R.D. 376, 385 (D. Kan. 1980) (citation omitted)).

to make any objection to their possible later use on the basis that they are misleading as result of a substantive deficiency of the recording equipment or misconduct or improper technique by plaintiff's counsel.

**IT IS THEREFORE ORDERED**:

1. That defendant's Motion to Quash Notice of Intent to Video Tape Deposition and to Compel Production of Prior Tapes (Doc. 64) is hereby granted in part and denied in part.

2. That plaintiff's counsel shall be permitted to make video recordings of depositions taken by defendant in this matter.

3. That defendant shall be entitled, upon request and at its own expense, to copies of any video recordings plaintiff's counsel makes, or has made, of any depositions in this matter.

**IT IS SO ORDERED.**

Dated this 30th day of September, 2005, at Topeka, Kansas.

<u>s/K. Gary Sebelius</u>
K. Gary Sebelius
U.S. Magistrate Judge