**IN UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

MICHELLE KAY MYERS,

        Plaintiff,

v.                                    Case No. 04-4137-JAR

DOLGENCORP, INC., a Wholly-Owned
Subsidiary of DOLLAR GENERAL
CORPORATION

        Defendant.

**ORDER DENYING MOTION FOR PROTECTIVE ORDER**

        This matter comes before the court upon Defendant Dolgencorp's motion for protective order (Doc. 79). Dolgencorp seeks a protective order directing that Dolgencorp does not have to answer or respond to Myers's second request for admissions,[1] which it claims was not served in time to be completed by the end of discovery.[2] Myers claims that the second request for admissions was served before the pretrial order was entered by the court.[3] According to Myers, the pretrial order was supposed to set the amount of time that Myers had to conduct additional discovery.[4] Myers further claims that the second request for admissions was served only three days late and that there is a question in the Tenth Circuit as

---

[1] Doc. 80 at p. 3.

[2] Doc. 80 at p. 2.

[3] Doc. 87 at pp. 1-2.

[4] Doc. 87 at p. 1.

to whether deadlines relating to service of discovery apply to requests for admissions.[5]  The issues have been fully-briefed and ripe for decision.

Myers served the second request for admissions on August 29, 2005.[6]  The pretrial order entered by the court on September 30, 2005, set September 30, 2005, as the deadline for dispositive motions and stated that "[d]iscovery is complete except for Plaintiff's deposition, which shall be taken on or before September 30, 2005."[7]  Dolgencorp argues that a telephone conference held by the court on August 26, 2005, set the dispositive motion deadline for September 30, 2005, and that Myers should have known that discovery would have to be completed before the dispositive motion deadline.[8]  Dolgencorp notes that the deadline for response to Myers's second request for admissions was October 3, 2005, a date past the September 30, 2005, deadline to file dispositive motions.[9]

Although the court finds that Dolgencorp has accurately calculated the response deadline, the court finds that there is sufficient ambiguity as to when the parties must have completed discovery in this case.  Additionally, whether discovery deadlines apply to requests for admissions is not well-settled law.[10]  The court also notes that, based on Dolgencorp's calculation of both the response deadline and the discovery

---

[5]  *Id.*

[6]  Doc. 70.

[7]  Doc. 84 at pp. 13, 16.

[8]  Doc. 89 at p. 1-2.

[9]  Doc. 80 at p. 2.

[10]  *Epling v. UCB Films, Inc.*, No. 98-4226-RDR, 2001 U.S. Dist. LEXIS 6948, at *23-24 (D. Kan. Apr. 19, 2001).

2

deadline, Myers's second request for admissions was served only three days late and that Dolgencorp has not shown how it would be unfairly prejudiced by having to respond to Myers's second request for admissions.[11]

Furthermore, the court finds that Dolgencorp did not comply with D. Kan. Rule 37.2 in filing the instant motion because it did not describe with particularity the steps taken to confer with opposing counsel to resolve the parties' dispute before seeking action from the court. D. Kan. Rule 37.2 requires a party in a discovery dispute to confer or make a "reasonable effort to confer" with opposing counsel before filing a discovery motion. A reasonable effort to confer, according to the rule, "requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."

D. Kan. Rule 37.2 also requires the moving party to "describe with particularity the steps taken by all counsel to resolve the issues in dispute." Dolgencorp has not described with particularity the steps taken to try to resolve this dispute beyond noting that "[p]ursuant to Local Rule 37.2, counsel for the defendant has conferred with plaintiff's counsel regarding this issue and plaintiff's counsel disagrees with defendant's position."[12] Because Dolgencorp does not describe its efforts at conferring with particularity, the court is left without a basis to evaluate whether an adequate good faith attempt at the resolving the dispute was made prior to the filing of the instant motion.

The court finds that because the discovery deadline was not clear in this case; it is not well-settled law as to whether requests for admissions are subject to discovery deadlines; Dolgencorp has not

---

[12]  Doc. 80 at p. 2.

demonstrated how it will be unfairly prejudiced by responding to plaintiff's request; and Dolgencorp failed

to comply with D. Kan. Rule 37.2, that Dolgencorp's Motion for a Protective Order should be denied.

**IT IS THEREFORE ORDERED** that Defendant Dolgencorp's motion for protective order

(Doc. 79) is hereby denied.  Dolgencorp is directed to respond to plaintiff's second request for admissions

on or before **November 30, 2005**.

**IT IS SO ORDERED.**

Dated this 31st day of October 2005, at Topeka, Kansas.


s/K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

4