**IN UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

MICHELLE KAY MYERS,

        Plaintiff,

v.                                      Case No. 04-4137-JAR

DOLGENCORP, INC.,

        Defendant.

## <u>ORDER</u>

This matter comes before the court upon the parties' oral motion for clarification of the court's prior memorandum and order (Doc. 82).  On January 24, 2006, the parties contacted the court to request clarification, and the court conducted a brief telephone conference, at which it heard the parties' arguments on the issue (Doc. 109).  Plaintiff appeared at the conference through counsel, Frank D. Taff.  Defendant appeared at the conference through counsel, Jill A. Morris.  During the conference, the court announced to the parties that it would treat their request as an oral motion for clarification.  The court then heard the parties' respective arguments and provided either party an opportunity to submit additional authorities via

e-mail, copied to all parties, by 5:00 p.m. that same day.[1]  The court indicated that it hoped to rule on the issue the following day, January 25, 2006.

The parties' question regards what the court meant by the phrase "at its own expense" in its prior memorandum and order, when it ordered that defendant was "entitled, upon request and at its own expense, to copies of any video recordings plaintiff's counsel makes, or has made, of any depositions in this matter."[2]  Specifically, defendant contends that such expense should be considered to be the costs of the actual reproduction of the video recording, whether the actual reproduction is done in-house by defendant or by an outside entity.  Defendant has indicated a willingness to accept such costs by copying the video recording itself, in-house.  Alternatively, to avoid plaintiff's original recording being in defendant's unsupervised possession, defendant has offered to pay the costs of having an independent entity create a copy of the recording.

Plaintiff contends that the expense for a copy of any of the video recordings should reflect not only the costs of the actual reproduction of the recording, but also a portion of the cost of plaintiff's original production of the recording.  Plaintiff contends that this additional cost element must be incorporated into

---

[1] Plaintiff submitted additional authority to the court via e-mail at 4:58 p.m. on January 24, 2006.  Defendant submitted a message to the court an hour later at 5:58 p.m., which provided no additional authority, but did make argument regarding some of the authorities provided by plaintiff. Defendant offered to the court that its message was delayed due to a client obligation that arose after the court's conference with the parties.  Because defendant's message was received after the court's deadline and contains argument rather than additional authorities, the court deems it most appropriate not to consider the arguments raised by defendant's message or rely upon the message in any way in its decision of the instant oral motion.  Rather, the court's decision herein is based upon the parties' arguments made during the January 24, 2006-teleconference, plaintiff's e-mail to court received at 4:58 p.m. on January 24, 2005, and the record in the case.

[2] Memorandum and Order (Doc. 82), at p. 5.

the copy expense to adequately compensate plaintiff for taking the initiative to create the recordings because otherwise there would be no video recording of the depositions so recorded.

During the teleconference on January 24, 2006, the court indicated to the parties that its intention at the time it entered its memorandum and order was for defendant to bear only the actual costs of reproduction for any of the video recordings, of which it desired a copy.  However, acting out of an abundance of caution, the court agreed to review any authorities provided by the parties before making a final decision on the issue.  The court has now reviewed its prior memorandum and order, the briefing giving rise to that order, and the authorities provided by plaintiff, both during the conference and later in plaintiff's e-mail message, and finds nothing that disturbs it original intention that the expense to defendant for copies of the video recordings should be only the actual costs of reproduction.

The first case cited by plaintiff to support her position is *Davis v. Puritan-Bennett Corp*.[3]  The court, in *Davis*, considered whether the defendant's costs incurred in videotaping the plaintiff's deposition were properly taxable to the plaintiff as a cost of litigation after the dismissal of plaintiff's complaint in the matter.[4]  The court concluded that the videotaping costs were properly a litigation expense, which the defendant was allowed to recover.[5]

This court is faced with a different question than was at issue in *Davis*.  Whereas the court in *Davis* was concerned with the award of costs to a victorious party *after* the conclusion of litigation, this court is confronted with the issue of what expense should a party to bear to obtain a copy of a video recording for

---

[3] 923 F. Supp. 179 (D. Kan. 1996).

[4] *Id.* at 180.

[5] *Id.* at 181.

the purpose of ascertaining whether it may be subject to any objection *during* the course of the litigation.

At the time the court issued its memorandum and order that the parties now seek to have clarified, it was considering a motion to quash filed by defendant, which sought to prevent plaintiff's counsel from personally videotaping the continuation of plaintiff's deposition and to require plaintiff to produce to defendant the videotapes that plaintiff's counsel had personally recorded of earlier depositions in this case. The court decided at that time that plaintiff's counsel could personally make video recordings of depositions on the basis that such recordings were not the official record of the depositions so recorded, but that "defendant's counsel must be permitted an opportunity to review the recordings, if she so desires, in order to allow defendant to evaluate whether to make any objection to their possible later use on the basis that they are misleading as result of a substantive deficiency of the recording equipment or misconduct or improper technique by plaintiff's counsel."[6]

Therefore, the court's purpose in providing defendant with a right to receive a copy of the video recordings at issue was to permit defendant an opportunity to review them for accuracy.  The court's purpose in specifying that such a copy has to be made at defendant's expense was to ensure that plaintiff incurred no *additional* cost, as a result of reproduction, in satisfying the court's requirement that defendant's receive a copy of the video recordings upon request.  It is not before this court at this time to determine whether plaintiff's costs of production of the subject video recordings would be properly taxable as costs of litigation in the event plaintiff ultimately prevails in this action.  Rather, it is before this court to

---

[6] Memorandum and Order (Doc. 82), at pp. 4-5.

clarify what expense defendant must bear in order to obtain a copy of the subject video recordings to evaluate whether it has objection to their use, and the court continues to find that such expense should include only those costs associated with the actual reproduction of those recordings.

As additional authority for her position, plaintiff cites *Roche v. Udell,*[7] *Farahmand v. Local Properties, Inc.,*[8] and *Grumpy Trucking, Inc. v. Twin County Grocers, Inc.*[9]  The first of these cases, *Roche,* offers little assistance because the court there is addressing the right of a party to make a video recording of a deposition and addresses costs of copies to an opposing party only by stating, "defendants may make separate . . . transcripts at their expense or purchase audio or videotape copies from plaintiff at a reasonable cost."[10]  In *Roche,* unlike the instant case, the video record at issue was the only record the party proposing to videotape intended to make of the deposition at issue.  Moreover, the *Roche* court provides no guidance with regard to what it would deem a "reasonable cost" for a copy of the videotape, stating only, "[d]efendant shall have leave to make further application to the court in this respect if the parties cannot agree."[11]  In the instant case, the parties have already manifestly been unable to agree on the reasonable expense of the copy, which is why this issue is back before the court at this time.  As such, this court's current task begins where the court in *Roche* left off, so there little guidance to be found on the instant circumstance in that opinion.

_____

[7] 588 N.Y.S.2d 76 (N.Y. Sup. Ct. 1992).

[8] 88 F.R.D. 80 (N.D. Ga. 1980).

[9] No. 90 CIV. 6638(CSH), 1991 WL 206279 (S.D.N.Y. Sept. 24, 1991).

[10]  588 N.Y.S.2d at 81.

[11] *Id.*

The *Farahmand* court dealt with a motion by a noncitizen plaintiff to videotape her own deposition for the purpose of preserving her testimony for use at trial in the event she was unable to attend due to immigration barriers.[12] The court in that case allowed the deposition to be videotaped provided it was also stenographically recorded.[13] It further ordered that the original of the stenographic transcript would be retained by plaintiff, with "copies made available to counsel at their request and at their cost," that "[a]ll of the costs of videotaping the testimony will be at the instance of the plaintiff, and all of the costs incident to the use of said videotaped deposition will be at the instance of the plaintiff to be borne by the plaintiff and should not be taxed as court costs against the defendants," and that "[u]pon application of either party, the Court shall make available the videotaped deposition for viewing purposes only [, and] Plaintiff shall make available to the defendants adequate equipment for a viewing of the videotaped deposition at a time and place to be agreed upon by counsel."[14]

As with *Roche*, *Farahmand* is not helpful with regard to what constitutes the cost of an item that a party is entitled to obtain at its own cost because that court does not discuss or elaborate on that issue.[15] However, *Farahmand*, is of limited assistance in resolving the instant question because of that court's clear instruction that the party seeking to make the video recording was to bear "[a]ll of the costs of videotaping

---

[12] 88 F.R.D. at 83.

[13] *Id.* at 84.

[14] *Id.* at 84-85.

[15] *See id.* at 84 (stating that copies of the stenographic transcript would be provided to defendants "at their request and at their cost").

the testimony," and that those cost were not to be taxed as court costs to the opposing party.[16]  Moreover, it is noteworthy that the viewing procedure adopted by that court to provide the opposing party with an opportunity to review the video recording, while different from the method imposed by the court in this instance, is similar with respect its avoidance of *additional* costs to the videotaping party without any taxing of costs of taping to the viewing party.

The final case cited by plaintiff, *Grumpy Trucking*, is an example of a federal court considering whether to grant a party's request to record depositions on video in the time prior to the 1993 amendments to Fed. R. Civ. P. 30, which permitted video recording without leave of court or agreement from opposing counsel.[17]  As such, the court in *Grumpy Trucking* was operating under a rule that required leave of court to record a deposition by other than stenographic means, and its order is primarily concerned with specifying how the costs of videotaping shall be borne.[18]  Its decision is that the party wishing to videotape the deposition shall bear all the costs of doing so and also must provide a copy of the video recording to all other parties free of charge and a copy of the stenographic record free of charge to the opposing party.[19]  The court comments that "the latter condition [i.e., the need to provide a stenographic transcript to the opposing party] is in accord with current practice."[20]  As *Grumpy Trucking*

---

[16] *Id.* at 85.

[17] *See Grumpy Trucking, Inc. v.Twin County Grocers, Inc.*, No. 90 CIV. 6638(CSH), 1991 WL 206279, at * 1 (S.D.N.Y. Sept. 24, 1991); *see also* Fed. R. Civ. P. 30(b).

[18] *See Grumpy Trucking, Inc.*, No. 90 CIV. 6638(CSH), 1991 WL 206279, at * 1.

[19] *Id.*

[20] *Id.*

was decided under a different version of Fed. R. Civ. P. 30, and because it is not the current practice in this court to require parties to provide stenographic records of their depositions to opposing parties at no charge, the court's reasoning in that case is grounded in a completely different context from the circumstances in the instant case. Nevertheless, to the limited extent that this case may be applicable here, it certainly does not lend support to the proposition that defendant should be required to defray any of plaintiff's costs of making the video recordings as a prerequisite to receiving a copy.

Having heard the arguments of the parties, considered the authorities provided, and reviewed the record in the case, the court finds no reason to adjust its initial impression that defendant should be entitled to copies of the video recordings at issue upon payment of only the actual costs attendant to the reproduction of those recordings.

**IT IS THEREFORE ORDERED** that, absent any agreement to a different procedure by the parties, plaintiff shall make the video recordings of depositions in this matter made by plaintiff's counsel available to an independent entity, in the business of duplicating video recordings and chosen by defendant, for the purpose of reproducing copies of these video recordings. Defendant shall bear all costs associated with the reproduction of these video recordings, including but not limited to any costs of mailing, shipping, handling by courier, or other transportation costs, but excluding any costs associated with plaintiff's counsel's original production of these video recordings.

**IT IS SO ORDERED.**

Dated this 25th day of January, 2006, at Topeka, Kansas.

s/K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

8