lml

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHELLE KAY MYERS           ) | |
|                Plaintiff,     ) | |
| vs.                          ) | Case No. 04-4137-JAR |
| DOLGENCORP, INC.,            )<br>A WHOLLY OWNED SUBSIDIARY OF )<br>DOLLAR GENERAL CORPORATION, INC. ) | |
|                Defendant.    ) | |

## MEMORANDUM AND ORDER

This Court entered summary judgment in favor of defendant Dolgencorp, Inc. ("Dolgencorp" or the "Company"), on February 15, 2006 (Doc. 112), concluding that plaintiff Michelle Kay Myers' claims failed because she did not provide Dolgencorp with the required medical certification paperwork and was thus not eligible for leave under the Family Medical Leave Act ("FMLA").[1]  This matter is before the Court on plaintiff's motion for additional findings and for amendment of summary judgment pursuant to Fed. R. Civ. P. 52(b) and 59(e) (Doc. 114).  Plaintiff contends that the Court failed to address the issue of whether Dolgencorp waived its right to require medical certification paperwork from plaintiff.  For the reasons explained in detail below, the Court grants plaintiff's motion for additional findings on the waiver issue, but denies her request for amendment of summary judgment.

---

[1] 29 U.S.C. § 2601, *et seq.*

*Standard of Review*

Rule 52(b) provides that the district court, upon motion of a party, may amend its findings or make additional findings and may amend the judgment accordingly.[2]  The primary purpose of Rule 52(b) is to enable the appellate court to obtain a correct understanding of the factual issues determined by the trial court as a basis for the conclusions of law and judgment entered thereon.[3]  A motion made pursuant to Rule 52(b) will only be granted when the moving party can show either manifest errors of law or fact, or newly discovered evidence; it is not an opportunity for parties to relitigate old issues or to advance new theories.[4]

A motion under Rule 52(b) may be made in conjunction with a motion for new trial pursuant to Rule 59.[5]  A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.[6]  Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier.[7]

---

[2] Fed. R. Civ. P. 52(b).

[3] 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2582 (2d ed. 1995).

[4] *Id*.

[5] Fed. R. Civ. P. 52(b).

[6] *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995).

[7] *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996), *cert. denied*, 520 U.S. 1181 (1997).

*Discussion*

As a threshold matter, the Court notes that plaintiff failed to raise the waiver issue in the Pretrial Order. The pretrial order, together with any memorandum entered by the court at the conclusion of the final pretrial conference, controls the subsequent course of the action.[8] The pretrial order "'measures the dimensions of the lawsuit, both in the trial court and on appeal.'"[9] "A pretrial order, . . . is the result of a process in which counsel define the issues of fact and law to be decided at trial, and binds counsel to that definition."[10] "An order entered pursuant to Rule 16(e) supersedes the pleadings and controls the subsequent course of the litigation."[11]

Although the issue of whether she provided the Company with medical certification was key to the success of her claims, plaintiff never pled waiver as an issue in her Second Amended Complaint (Doc. 58), nor did she raise it as an issue in the Pretrial Order (Doc. 84). Plaintiff briefly argued in her response to Dolgencorp's motion for summary that the Company waived the medical certification requirement by waiting "two weeks" to notify the home office of plaintiff's need for FMLA leave.[12] No authority was offered for this argument, and Dolgencorp did not address the issue in its reply brief.

Assuming, *arguendo*, that plaintiff adequately preserved her waiver claim, the Court concludes that she cannot defeat summary judgment on this issue. The FMLA regulations provide that:

---

[8]D. Kan. Rule 16.2(c).

[9]*Hullman v. Bd. of Trs. of Pratt Cmty. Coll.*, 950 F.2d 665, 668 (10th Cir. 1991) (quotations omitted).

[10]*R.L. Clark Drilling Contractors, Inc. v. Schramm, Inc.*, 835 F.2d 1306, 1308 (10th Cir. 1987).

[11]*Smith v. Bd. of County Comm'rs of County of Lyon*, 216 F. Supp. 2d 1209, 1213 (D. Kan. 2002).

[12](Doc. 91 at 20.)

3

> In most cases, the employer should request that an employee furnish certification from a health care provider at the time the employee gives notice of the need for leave or within two business days thereafter, or in the case of unforeseen leave, within two business days after the leave commences. The employer may request certification at some later date if the employer later has reason to question the appropriateness of the leave or its duration.[13]

Plaintiff's argument presupposes that she gave notice of need for FMLA leave on March 3, 2004, the day she was hospitalized. She was released from the hospital on March 7, 2004. In its Memorandum and Order granting summary judgment, the Court found that plaintiff requested leave "sometime after" her release from the hospital. Dolgencorp took action on plaintiff's request for leave on March 16, 2004, when it sent her medical leave certification paperwork. Regardless of whether plaintiff requested leave on the first day of her hospitalization or after her release, Dolgencorp's request for certification was made more than two business days after her leave began, either seven (7) or nine (9) business days.

The parties do not cite, nor was the Court able to find, any law at the Circuit level addressing this issue. Waiver and estoppel arguments similar to those raised by plaintiff have been rejected by other federal district courts. In *Brown v. SBC Communications, Inc.*, the plaintiff argued that his employer waived its right to require medical certification by unduly delaying its requests for certification, in that case six (6) business days after the leave began.[14] In rejecting plaintiff's argument, the court stated that it:

> . . . would be reluctant to interpret the statement in § 825.305(c) that

---

[13]29 C.F.R. § 825.305(c).

[14]No. 04-C-0290, 2005 WL 2076584, at *6, (E.D. Wis. Aug. 23, 2005).

4

>   the employer "should" request certification within two business days as a requirement that the employer must do so. Given the contrast with what employers and employees "must" do under § 825.305(a) ("An employer **must** give notice of a requirement for medical certification each time a certification is required; such notice **must** be written notice whenever required by § 825.301."), § 825.305(b) ("[T]he employee **must** provide the requested certification to the employer within the time frame requested by the employer . . . unless it is not practicable under the particular circumstances to do so despite the employee's diligent, good faith efforts."), and § 825.305(d) ("[T]he employer **must** also advise an employee of the anticipated consequences of an employee's failure to provide adequate certification . . ."), the court is inclined to think that the two-day time frame for requesting certification is hortatory rather than mandatory. Moreover, an interpretation that would require the employer to request certification before the employee returned to work for absences in excess of two consecutive days might render the regulation invalid, as it would make it difficult, if not impossible, for employers to request certification and would thus negate employers' rights under 29 U.S.C. § 2613(a).[15]

The Court finds the reasoning set forth by the court in *Brown* to be persuasive and concludes that 29 CFR § 825.305(c) does not impose a mandatory obligation that the Company has to act within two business days.[16]

Moreover, even if Dolgencorp was required to request certification within two business days after plaintiff's absences began, its failure to do so did not prejudice plaintiff, because she ultimately received the request for certification and was given more than the FMLA-required 15-day period to

---

[15]*Id.* (emphasis added).

[16]*See also Poteet v. Potter*, No. IP00-0712-C-Y/S, 2005 WL 1115805, at *18 (S.D. Ind. Mar. 28, 2005) ("[T]he regulation does not require an employer to request certification within two days. It does not implore prescriptive language such as 'shall,' 'must,' or 'required,' though other FMLA regulations use such terms when addressing an employer's obligations under the FMLA."); *Ausler v. Engineered Polymer Solutions*, No. 01 C 50439, 2003 WL 21751838, at *2 (N.D. Ill. July 29, 2003) (summary judgment granted for defendant because plaintiff failed to provide FMLA certification for his absence underlying his termination and defendant was not estopped from seeking medical certification more than two (2) business days after phone call from plaintiff).

5

comply with the request.[17]  The FMLA "provides no relief unless the employee has been prejudiced by the [employer's] violation."[18]  Accordingly, the Court concludes that Dolgencorp did not waive its right to request that plaintiff provide a medical certification under the FMLA by failing to request such certification within two days after her leave commenced.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's motion for additional findings on the issue of waiver (Doc. 114) is GRANTED;

**IT IS FURTHER ORDERED** that plaintiff's motion to amend summary judgment (Doc. 114) previously entered herein is DENIED.

IT IS SO ORDERED.

Dated this  25th  day of March 2006.

                                  S/ Julie A. Robinson
                                  Julie A. Robinson
                                  United States District Judge

---

[17] The March 16, 2004 letter advised plaintiff that she had twenty (20) calendar days from the date of the letter to return the completed medical certification forms. (Doc. 112 at 6.)

[18] *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002).