lml

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MICHELLE KAY MYERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 04-4137-JAR |
| | ) | |
| | ) | |
| DOLGENCORP, INC., | ) | |
| A WHOLLY OWNED SUBSIDIARY OF | ) | |
| DOLLAR GENERAL CORPORATION, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Michelle Myers filed suit against defendant Dolgencorp, Inc. alleging claims under the Family Medical Leave Act (FMLA).  The Court granted defendant's motion for summary judgment in its entirety (Doc. 112).  Plaintiff's motion to alter or amend was denied by the Court (Doc. 118).  Defendant submitted a bill of costs in the amount of $3604.36.  The Clerk awarded costs in favor of defendant in the amount of $2634.61 (Doc. 122).  This matter is presently before the Court on plaintiff's Motion to Retax Costs (Doc. 123).  Defendant has responded and also filed a Motion to file Surreply (Doc. 127).  As set forth in more detail below, the motions are granted.

Plaintiff objects to any award of costs to defendant, contending that defendant agreed to waive its costs in exchange for plaintiff's agreement to forego an appeal.  Defendant denies that any agreement to waive costs was reached.[1]

---

[1]In the alternative, plaintiff contends that defendant's costs are excessive and should be reduced.

In support of their relative positions regarding the agreement to waive costs, both parties rely on copies of emails they previously exchanged.  The first, dated February 22, 2006, from counsel for defendant to counsel for plaintiff, states that defendant plans to seek costs and invites plaintiff's counsel to call her to discuss whether his client is interested in waiving an appeal in exchange for defendant not seeking costs.  Plaintiff's counsel responded by requesting defendant's counsel to prepare and email him a proposed settlement agreement within five days on this issue and he will discuss the same with his client.  Defendant's counsel responded later that day that before spending money to prepare a proposed agreement, she needed to know whether plaintiff agreed to forego an appeal in exchange for defendant not pursuing costs. Plaintiff's counsel responded that he would need to see the proposed agreement before he could tell her, stating that he was sure that she had a standard form for such matters.  He also requested defendant's counsel to set forth the items she believed she could get the Court to assign as costs. Defendant's counsel replied that she planned to seek all costs available to her client, that she did not have a standard agreement, and would not spend her client's resources preparing one unless he and plaintiff confirmed that this is what they were willing to agree to "in principle."  These emails were all exchanged on February 22, 2006.

Plaintiff then proceeded to file a motion to alter or amend the Court's order granting summary judgment, which was denied on March 25, 2006 (Doc.118).  On March 29, 2006, defendant's counsel emailed plaintiff's counsel to inquire as to whether plaintiff was willing to forego an appeal in exchange for defendant not seeking an award of costs.  Defendant's counsel replied that day, requesting the amount of award defendant would seek in order to make an informed decision.  Plaintiff's counsel responded with an email dated April 6, 2006, stating that

Case 5:04-cv-04137-JAR-KGS   Document 129   Filed 03/13/07   Page 3 of 5

although she did not have a final figure, she anticipated the amount defendant would seek "will be in the neighborhood of $4,000," and asked counsel to advise of their position. Plaintiff's counsel did not respond to this email. The appeal deadline expired on April 24, 2006, and plaintiff did not file an appeal. Defendant filed its bill of costs on April 24, 2006.

Plaintiff contends that the offer by defendant to forego costs, if plaintiff did not appeal, contained no date for acceptance and was never withdrawn. Thus, plaintiff contends, the offer was properly accepted by plaintiff actually foregoing her appeal of the summary judgment order. Defendant counters that there was no agreement and in fact, plaintiff's counsel never responded to defendant's offer.

The basic legal principles of contract formation are well established. "In order to form a binding contract, there must be a meeting of the minds on all essential terms."[2] "If an offer prescribes the place, time or manner of acceptance, its terms in this respect must be complied with in order to create a contract."[3] Where, as here, the offer contains no stated time for acceptance, the law implies that plaintiff has a reasonable time in which to accept or reject the proposal.[4] Performance by the offeree of the thing requested of him within a reasonable time or the time limited by the offer may amount to acceptance, at least absent any evidence showing a contrary purpose or understanding.[5] In case of doubt, an offer is interpreted as inviting the offeree to accept either by promising to perform what the offeror requests or by rendering the

---

[2]*Albers v. Nelson*, 809 P.2d 1194, 1198 (Kan. 1991); *Int'l Power Mach., Inc. v. Midwest Energy, Inc.*, 4 F. Supp. 2d 1272, 1274 (D. Kan. 1998).

[3]RESTATEMENT (SECOND) OF CONTRACTS § 60 (1979); 1 CORBIN ON CONTRACTS § 3.34 (1993). *Swanson v. Public Storage, Inc.*, Case No. 00-2490, 2001 WL 584457, *4 (D. Kan. May 18, 2001).

[4]*See Carpenter v. Riley*, 675 P.2d 900, 904 (Kan. 1984).

[5]17 AM. JUR. 2D *Contracts* § 45 (2007).

performance, as the offeree chooses.[6]

In this case, the plain language of defendant's second offer to waive costs is unconditional and contains no stated time for acceptance.[7]  It offers to waive defendant's claim for costs, estimated at approximately $4000, in return for plaintiff's agreement not to appeal. Plaintiffs did not appeal.  No absence of consideration has been shown.  Moreover, defendant's offer did not specify any period of time in which it had to be accepted, or would be withdrawn, nor must any such time period necessarily be implied.  Indeed, as Judge Crow found in a similar case involving an offer to waive costs, "[t]he intervening event of the running of the appeal date without an appeal having been filed did not render plaintiffs' acceptance untimely, but was instead the very event which manifested plaintiffs' acceptance of defendant's offer."[8]  Although plaintiff could have notified defendant earlier of her acceptance of the agreement not to appeal, "it was not until the appeal date ran without plaintiffs having appealed that plaintiffs could fulfill their agreement and defendant could be certain of plaintiffs' compliance with the terms of the agreement."[9]

The Court thus concludes that defendant's offer was not withdrawn, expired, voided or otherwise rendered invalid before plaintiff accepted it by not filing an appeal.  Defendant is bound by its agreement not to seek costs.  Plaintiff's objection to defendant's bill of costs is thus

---

[6]RESTATEMENT (SECOND) OF CONTRACTS § 32 (1981).

[7]By contrast, defendant's first offer to waive costs was rejected when plaintiff filed a motion to alter or amend judgment.

[8]*Miller v. Dillard's, Inc.*, Case No. 98-4079, 2002 WL 1813152, at *2 (D. Kan. July 23, 2002) (citations omitted).

[9]*Id.*

sustained.[10]

   **IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's Motion to Retax

Costs (Doc. 123) is granted, and defendant shall not recover any costs of this action.

   **IT IS FURTHER ORDERED** that defendant's Motion for Leave to File Surreply (Doc.

127) is granted.

   IT IS SO ORDERED.

   Dated this 13th day of March 2007.

         S/ Julie A. Robinson
        Julie A. Robinson
        United States District Judge

---

[10]Because the Court denies defendant's request for fees in the entirety, it need not address plaintiff's alternative request for reduction of costs.